[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 12, 2006
THOMAS K. KAHN
CLERK

No. 05-14192

_____

D. C. Docket No. 04-02792-CV-3-IPJ

PAMELA CHENAULT,

Plaintiff-Appellant,

versus

AMERIPRIDE LINEN AND
APPAREL SERVICES
also known as AMERICAN LINEN
SUPPLY COMPANY

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(July 12, 2006)**

Before EDMONDSON, Chief Judge, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Pamela Chenault appeals the district court's order granting summary judgment in favor of her former employer, Ameripride Linen and Apparel Services ("Ameripride"), on her claim of sexual harassment, in violation of Title VII, 42 U.S.C. § 2000e-2. No reversible error has been shown; we affirm.

We review a district court's grant of summary judgment de novo, viewing the facts--as supported by the evidence in the record--and reasonable inferences from those facts in the light most favorable to the nonmoving party. Young v. City of Palm Bay, 358 F.3d 859, 860 (11th Cir. 2004). Summary judgment is proper where no genuine issue of material fact exists. Id.

Chenault challenges the district court's determination that she did not establish a prima facie case of sexual harassment that resulted in a tangible employment action. Chenault, who worked at Ameripride from May 1999 until November 2003, had a sexual relationship with her supervisor, Steve Brantley, from February 2003 until she ended the affair in October 2003. On 6 November 2003, Brantley fired Chenault for not notifying him of her absence from work the previous day; and Chenault alleges that Brantley actually fired her because she ended their affair.

To establish a prima facie case of sexual harassment, a plaintiff must show that: (1) she belongs to a protected group; (2) she has been subject to unwelcome sexual harassment; (3) the harassment was because of her sex; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment; and (5) there is a basis for holding the employer liable. Pipkins v. City of Temple Terrace, 267 F.3d 1197, 1199 (11th Cir. 2001).

After reviewing the record, we are not persuaded that Chenault could show that the alleged harassment by Brantley was because of her sex. Chenault testified that, before she ended her relationship with Brantley, he suggested to her that she was missing too much work. Shortly before Chenault ended the affair in October 2003, Brantley met with Mary Geraldine Stanford, General Manager of the Ameripride plant where he and Chenault worked, and informed her that Chenault had many absences from work. Stanford recommended that Brantley give Chenault a written warning about her absences. Brantley then issued Chenault a written warning stating that her excessive absences could result in her termination. After Chenault ended her relationship with Brantley, she was absent from work on November 5; and she did not provide Ameripride with notice of this absence. On November 6, Brantley told Chenault that she was fired because she had been

3

absent from work without calling into Ameripride to inform the company of her November 5 absence.

Even if Brantley fired Chenault, not for her November 5 absence, but because--as she claims--she ended their affair, Chenault has presented no evidence that she was fired because of her sex. See Pipkins, 267 F.3d at 1200 (concluding that, when plaintiff was fired after ending a consensual sexual relationship with a supervisor, her termination was "attributable to [the supervisor's] personal animosity and would not meet the Title VII requirement that the alteration of terms and conditions of employment be because of sex") (internal quotation omitted); Walton v. Johnson & Johnson Servs., 347 F.3d 1272, 1281 (11th Cir. 2003) (explaining that, when reviewing an allegation of sexual harassment that resulted in an employee's termination, we must determine whether the employer took the employee's sex into account when she was terminated). Without this showing, the district court properly concluded that Chenault had not presented a prima facie case of sex discrimination.

More important, even assuming that Chenault established a prima facie case of discrimination, she has not shown that Ameripride's reason for her termination --her absence from work without giving the company prior notice--was a pretext for discrimination. See Rojas v. Florida, 285 F.3d 1339, 1342 (11th Cir. 2002)

(explaining that, if plaintiff establishes a <u>prima</u> <u>facie</u> case of discrimination, employer has burden of presenting a legitimate, nondiscriminatory reason for its employment decision, which plaintiff then may rebut as pretext for discrimination). Therefore, the district court's grant of summary judgment to Ameripride was appropriate.

AFFIRMED.